UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LYNN BESS III (#318225)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 14-185-JJB-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 17, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LYNN BESS III (#318225)

VERSUS                                                CIVIL ACTION

N. BURL CAIN, ET AL                                   NUMBER 14-185-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana State Penitentiary Warden N. Burl Cain, Officer Bickham and Officer Spurlock.  Plaintiff alleged that he was denied medical treatment following a motor vehicle accident in violation of his Eighth Amendment rights.

A hearing was held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether the complaint should be dismissed as frivolous.  At the *Spears* hearing, the plaintiff stated that on June 10, 2013, he was a passenger on a school-type bus being driven by officer Bickham.  Plaintiff stated that he and other inmates were being transported from the grading shed back to the dormitory at the Main Prison.  Plaintiff stated that officer Bickham routinely operated the bus and that they were not running behind schedule.  Plaintiff stated that while backing the bus up at a speed of approximately 5 to 7 miles per hour, officer Bickham backed into a parked bus.  Plaintiff conceded that he could not see

the speedometer and was only certain that they took off fast. Plaintiff stated that when they struck the bus he was jolted forward and backward, although he could not be certain in which direction he went first. Plaintiff stated that he was sitting in the seat by himself and does not recall hitting anything on impact. Plaintiff stated that following the accident officer Spurlock escorted the bus to its destination in a separate vehicle, and that the trip took several minutes.

Plaintiff stated that prior to the accident he had problems with his knees which required the use of a brace, although he was not wearing the brace at the time of the accident. Plaintiff stated that he also had arthritis in his arms, shoulders and back. Plaintiff stated the accident aggravated his medical condition.

Plaintiff conceded that officer Spurlock did not deny him medical treatment. Plaintiff stated that he merely assumed that officer Spurlock did not report the accident.

Plaintiff stated that he asked officer Bickham for medical treatment but officer Bickham said he would not call an emergency medical technician ("EMT").

Plaintiff acknowledged that an inmate can declare himself a medical emergency at any time to obtain medical care. Plaintiff stated that he did not declare himself a medical emergency after arriving at the Main Prison, but the next day he and several other inmates declared themselves a medical emergency at the grading

shed. Plaintiff stated that an EMT came to the grading shed and examined him. Plaintiff stated that later that day he was examined by a doctor at the R.E. Barrow, Jr. Medical Treatment Center. Plaintiff stated that x-rays were taken, the doctor advised him that the x-rays were negative, and that no other medical treatment was needed.

## I. Applicable Law and Analysis

### A. Frivolous Standard

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### B. Deliberate Indifference

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985).

At the *Spears* hearing, the plaintiff conceded that he could obtain medical treatment at any time by declaring himself a medical emergency.  In fact, the plaintiff conceded that he was provided prompt medical treatment after declaring himself a medical emergency.  Officer Bickham did not interfere with the plaintiff's access to medical treatment, nor was he deliberately indifferent to the plaintiff's serious medical needs.

### C. Respondeat Superior

Plaintiff named officer Spurlock and Warden Cain as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Cain is responsible for the

4

actions of his subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

## II. Conclusion

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint as supplemented at the *Spears* hearing.

## RECOMMENDATION

It is the recommendation of the magistrate judge that this action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim the plaintiff could assert against these defendants consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, April 17, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE